# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 25, 2022

Lyle W. Cayce
Clerk

No. 21-50787
Summary Calendar

---

Robert Stricker,

*Plaintiff—Appellant*,

*versus*

Deutsche Bank National Trust Company, as trustee for Morgan Stanley ABS Capital I Incorporated Trust 2006-HE8 Mortgage Pass-Through Certificates, Series 2006-HE8; Clay Golden; Eldon L. Youngblood; Suzanne Suarez; Michael Zientz,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:19-CV-1398

---

No. 21-50787

Before Haynes, Engelhardt, and Oldham, *Circuit Judges*.

Per Curiam:*

Robert Stricker moves for leave to proceed in forma pauperis (IFP) on appeal from the summary judgment dismissal of his complaint alleging wrongful and fraudulent foreclosure. By moving to proceed IFP, he challenges the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

On appeal, Stricker asserts that the summary judgment dismissal of his lawsuit was error, renewing his claims of wrongful and fraudulent foreclosure. He also asserts that the district court erred in failing to grant him an additional extension of time to respond to the summary judgment motion. He additionally argues, for the first time on appeal, that Deutsche Bank National Trust Company (Deutsche Bank) does not legally exist as a trustee for borrower loans, that Deutsche Bank is liable to him for negligence and emotional distress, that he was issued a general warranty deed that precluded foreclosure, and that the district court judge was biased against him. This court will not consider these newly raised claims. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999). Stricker has abandoned by failing to brief any argument renewing his claims that Deutsche Bank violated the Texas Finance Code, that he was entitled to declaratory relief based on Deutsche Bank's failure to produce the original promissory note, and that the foreclosure sale price was so artificially low as

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

to render the foreclosure wrongful. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

With respect to his claim of wrongful foreclosure, Stricker renews his assertions that he was the bona fide owner of the property at issue, that he was never served with notice of the foreclosure sale, and that he only became aware of the sale on the date of the sale. He summarily asserts that Deutsche Bank is not the rightful owner of the promissory note, mortgage, or deed of trust and that its foreclosure was the result of fraudulent practices and deceit.

However, Stricker has abandoned by failing to brief any argument addressing or challenging the district court's determination that the undisputed summary judgment evidence established that Deutsche Bank was the lawful owner/assignee of the mortgage, promissory note, and deed of trust, that it was entitled to foreclose on the property following default on the loan, that it in fact mailed notice of its intent to foreclose to Stricker in advance of the foreclosure sale, that there were no fraudulent misrepresentations regarding the foreclosure or ownership interests, and that such facts negated any claim for wrongful foreclosure or fraud as a matter of law. *See Yohey*, 985 F.2d at 225; *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Inasmuch as Stricker relies on his own allegations and denials to contradict the district court's determinations, such reliance is improper as his conclusional, unsubstantiated assertions are not competent summary judgment evidence. *See Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011); *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Stricker has not demonstrated that any disputed issue of material fact exists which precluded summary judgment and, consequently, fails to show that the district court's dismissal was error. *See Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 650 (5th Cir. 2012); *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007).

No. 21-50787

Stricker additionally argues that the district court erred ruling on the summary judgment motion rather than sua sponte postponing proceedings and granting him an additional extension of time to respond based on his poor health and the COVID-19 pandemic. Insofar as he contends that an extension was warranted based on his failing health, his assertion is belied by the record, which demonstrates that, at the status conference following his failure to respond to the summary judgment motion after a previous extension was granted based on his poor health, Stricker advised the court that his health was improving and that he was able to proceed and file a response, though he failed to do so. To the extent that he asserts that the district court should have sua sponte postponed a ruling on the summary judgment motion, he fails to show any abuse of discretion on the district court's part. *See Adams v. Travelers Indem. Co. of Connecticut*, 465 F.3d 156, 161-62 (5th Cir. 2006).

Because Stricker has failed to identify any issue of arguable merit, his motion to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; *Howard*, 707 F.2d at 220; *see also* 5TH CIR. R. 42.2. His motion for the preparation of transcripts at Government expense is also DENIED. *See* 28 U.S.C. § 753(f); *Norton v. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997).